IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON FOREHOPE, | ) | CASE NO. 5:13 CV 492 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

### A.    Nature of the case and proceedings

This is an action by Shannon Forehope under 42 U.S.C. § 405(g) for judicial review
of the final decision of the Commissioner of Social Security denying his applications for
disability insurance benefits ("DIB") and supplemental security income ("SSI").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and
filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders,

---

[1] ECF # 1.

[2] ECF # 24.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 5.

[6] ECF # 13.

the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] The

parties have participated in a telephonic oral argument.[10]

## B.    Background facts and decision of the Administrative Law Judge ("ALJ")

The ALJ found that Forehope had severe impairments consisting of chronic

obstructive pulmonary disease, asthma, substance-induced mood disorder, and dysthymic

disorder.[11] The ALJ made the following finding regarding Forehope's residual functional

capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the
> residual functional capacity to perform light work as defined in 20 CFR
> 404.1567(b) and 416.967(b) except that the claimant may sit, stand and/or
> walk, with normal breaks, for up to six hours in an eight hour workday; the
> claimant must avoid concentrated exposure to dust, gas, odors, fumes, poorly
> ventilated areas and other respiratory irritants; the claimant is limited to the
> performance of work tasks that are simple to moderately complex, taking place
> in a relatively static environment, with no high or fast paced production
> quotas, and which only involve brief and superficial contact with others.[12]

The ALJ decided that this RFC precluded Forehope from performing his past relevant work

as a dishwasher and a general laborer.[13]

---

[7] ECF # 18 (Commissioner's brief); ECF # 16 (Forehope's brief).

[8] ECF # 18-1 (Commissioner's charts); ECF # 16-2 (Forehope's charts).

[9] ECF # 16-1 (Forehope's fact sheet).

[10] ECF # 22.

[11] ECF # 12, Transcript of proceedings ("Tr.") at 25.

[12] *Id.* at 27.

[13] *Id.* at 31-32.

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Forehope could perform.[14] The ALJ, therefore, found Forehope not under a disability.[15]

The Appeals Council denied Forehope's request for review of the ALJ's decision.[16] With this denial, the ALJ's decision became the final decision of the Commissioner.[17]

## C.    Issues on judicial review

Forehope asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.

Specifically, this case presents two issues for judicial review:

- The ALJ did not find Forehope's hyperinsomnia or tenosynovitis of the left wrist severe at step two and incorporated no limitations in the RFC at step four relating to these impairments. Does substantial evidence support the decision of the ALJ to disregard these impairments and any limitations caused thereby?

- The ALJ found Forehope's statements about the intensity, persistence, and limiting effects of his impairments as not credible to the extent inconsistent with the RFC finding. Does substantial evidence support this credibility finding?

---

[14] *Id.* at 32.

[15] *Id.* at 33.

[16] *Id.* at 4-6.

[17] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

**D.      Disposition**

For the reasons that follow, I conclude that the ALJ's RFC finding does not have the

support of substantial evidence. The case must be remanded for reconsideration of that

finding.

## Analysis

**A.      Applicable law** – *substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable

to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security
> administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is
> limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact,
> if supported by substantial evidence, shall be conclusive...." In other words, on
> review of the Commissioner's decision that claimant is not totally disabled
> within the meaning of the Social Security Act, the only issue reviewable by
> this court is whether the decision is supported by substantial evidence.
> Substantial evidence is " 'more than a mere scintilla. It means such relevant
> evidence as a reasonable mind might accept as adequate to support a
> conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely
> because there exists in the record substantial evidence to support a different
> conclusion. This is so because there is a "zone of choice" within which the
> Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds

could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.     Application of standards**

Forehope's allegations of hyperinsomnia (daytime fatigue) and DeQuervain's Tenosynovitis of the left wrist serve as the basis for this appeal. The ALJ made no findings as to either of these impairments severe at step two.[21]

The ALJ expressly found only one impairment not severe – learning disability.[22] The ALJ's RFC at step four contains no limitations for these impairments,[23] and the articulation in support of the RFC makes no mention of those impairments or of the medical evidence in the transcript relating thereto.[24] The ALJ posed a hypothetical to the VE incorporating the

---

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[21] Tr. at 25-26.

[22] *Id.*

[23] *Id.* at 27.

[24] *Id.* at 27-31.

RFC finding and relied on the VE's answer in finding a significant number of jobs existing nationally and locally that Forehope could perform.[25]

Forehope argues that the ALJ should have found the hyperinsomnia and the left wrist impairment severe at step two and incorporated limitations related to those impairments at step four in the RFC. Forehope posits that this would have resulted in a different and more restrictive RFC in the hypothetical to the VE. Forehope places great emphasis on the VE's testimony that Forehope could perform none of the jobs identified if off task 20% of the time.[26]

Forehope acknowledges that, under *Maziarz v. Secretary of Health and Human Services*[27] and its progeny, an ALJ does not commit reversible error by failing to acknowledge a particular impairment as severe at step two.[28] The inquiry moves on to whether substantial evidence supports the ALJ's decision to not include greater limitations in the RFC to compensate for all of the claimant's impairments, whether or not specifically acknowledged at step two.[29]

---

[25] *Id.* at 61-62.

[26] *Id.* at 62.

[27] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987).

[28] *Id.* at 244.

[29] *Id.*

The record does contain evidence that Forehope suffered from both hyperinsomnia and the left wrist impairment during the relevant period.[30] But the ALJ does not discuss, let alone dismiss, such evidence in his step four analysis.[31]

Commissioner's counsel goes to great lengths to justify no limitations related to these impairments. As to hyperinsomnia, she argues that Forehope was drowsy during the day because he smoked marijuana.[32] Although the record documents marijuana use,[33] the ALJ makes no reference to it in the decision and, accordingly, does not dismiss daytime fatigue based on drug use. This is strictly post hoc rationalization by Commissioner's counsel.

Further, as pointed out in Forehope's brief,[34] the evidence in the record of hyperinsomnia and resulting fatigue does provide some basis for Forehope's argument. A specialist administered a sleep study and, based on the findings, diagnosed Forehope as having hyperinsomnia.[35] The record documents multiple visits to the therapist during which the therapist documented fatigue.[36] The ALJ neither acknowledges nor discusses any of this evidence.

---

[30] *E.g.*, Tr. at 605-06 (hyperinsomnia) and 326-27 (DeQuervain's Tenosynovitis).

[31] *Id.* at 27-31.

[32] ECF # 18 at 8-9.

[33] Tr. at 628, 686-87.

[34] ECF # 16 at 6-7.

[35] Tr. at 605-06.

[36] *Id.* at 608-19, 627-28, 630-31, and 639-41.

As for tenosynovitis, Forehope was diagnosed with this condition in 2006,[37] subsequently underwent treatment for it,[38] and had surgery to address it in 2009.[39] Based on this evidence a case might be made for at least a closed period of disability. Again, however, the ALJ neither acknowledges nor discusses this evidence.

Commissioner's counsel acknowledged at argument that the ALJ's decision is devoid of analysis on the evidence related to these impairments or why that evidence does not warrant any additional limitations. Nevertheless, she argued that a review of the record will disclose substantial evidence in support of the conclusion that the severity of these impairments did not justify any additional limitations. This is an invitation to undertake *de novo* review of the medical evidence guided by the post hoc rationalizations supplied by Commissioner's counsel. This does not constitute an acceptable substitute for meaningful judicial review of the ALJ's decision.[40]

---

[37] *Id.* at 326-27.

[38] *Id.* at 320-23.

[39] *Id.* at 487-88.

[40] *Wilson v. Colvin*, No. 3:13 CV 84, 2014 WL 619713, at *6 (E.D. Tenn. Feb 18, 2014); *Arruda v. Colvin*, 2:12 CV 2761, 2013 WL 6860293, at *8 (E.D. Cal. Dec. 30, 2013); *Beck v. Comm'r of Soc. Sec.*, No. 12-11067, 2012 WL 7827842, at *15 (E.D. Mich. Dec. 26, 2012); *Wells v. Comm'r of Soc. Sec.*, No. 3:11 CV 150, 2012 WL 1096135, at *3 (N.D. Ohio Mar. 30, 2012); *Hunter v. Astrue*, No. 1:09 CV 2790, 2011 WL 6440762, at *4 (N.D. Ohio Dec. 20, 2011).

## Conclusion

For the foregoing reasons, I conclude that substantial evidence does not support the Commissioner's finding that Forehope had no disability. Accordingly, the Commissioner's decision denying Forehope's applications for DIB and SSI is reversed and the matter remanded for further proceedings.

On remand, the ALJ must reconsider the RFC finding and provide proper articulation as to whether Forehope's hyperinsomnia or tenosynovitis of the left wrist supported the incorporation of any additional limitations into the RFC.

IT IS SO ORDERED.


Dated: March 21, 2014                                          s/ William H. Baughman, Jr.
                                                              United States Magistrate Judge